IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.      No. 1:18-CR-01579-MV

SHELDON HOWE,

    *Defendant*.

**NOTICE OF UPCOMING COMPLETION OF INPATIENT PROGRAMMING**
**&**
**REQUEST FOR A REVOCATION HEARING**

Defendant Sheldon Howe, through his counsel of record at Rothstein Donatelli LLP, files this Notice to alert the Court to recent developments in the circumstances of Mr. Howe's supervised release, and to request a hearing on his pending Petition for Revocation of Supervised Release, filed August 7, 2025 (Doc. 160) ("Petition").

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 14, 2025, the Court imposed judgment on Mr. Howe following a previous revocation proceeding. *See* Minute Sheet, Violation of Supervision Proceedings, filed January 14, 2025 (Doc. 158). The judgment imposed a sentence of imprisonment to a total term of six months, or until a bed became available at the New Mexico Wellness inpatient treatment program, whichever came earlier. *See* Judgment in a Criminal Case at 3, filed February 11, 2025 (Doc. 159) ("January Judgment"). Following the term of imprisonment, the Court imposed a term of supervised release of eighteen months. *See* January Judgment at 4. Among the special conditions of supervision imposed by the Court, Mr. Howe was ordered to participate and complete the

inpatient substance abuse treatment program at New Mexico Wellness. *See* January Judgment at 6–7. The program at New Mexico Wellness is six months in duration. Once a bed became available, Mr. Howe began the program at New Mexico Wellness on March 18, 2025. *See* United States Probation Office, Violation Report at 1, filed August 7, 2025 (Doc. 161) ("Violation Report").

Mr. Howe completed nearly five months of the six-month program, and was able to make major progress with his substance abuse treatment. Indeed, during his stay at New Mexico Wellness, Mr. Howe had no positive drug tests and was able to develop strategies to cope with his addiction struggles. However, during the summer, the program's staff found that Mr. Howe had committed two minor non-violent rule transgressions: (1) possessing a small tattoo machine used to give other residents tattoos, and (2) possessing a cell phone.[1] *See* Violation Report at 1. Following these non-violent and non–drug-related infractions, Mr. Howe was placed on "zero tolerance." *See* NM Wellness Write-Up at 4–5.

In early August, Mr. Howe was administratively discharged from New Mexico Wellness for allegedly violating the zero-tolerance policy. The basis for this discharge is exceedingly murky: the final write-up states that Mr. Howe walked a member of staff to her vehicle, and "he remained unobserved [sic] near the driver's side door while the staff member was seated in her vehicle for approximately one minute." NM Wellness Write-Up at 6. For unknown reasons, this

---

[1] The New Mexico Wellness write-up also states that "a credit card with white power" was found in Mr. Howe's room. This credit card belonged to Mr. Howe's roommate, and—in any event—Mr. Howe never tested positive for any drug use during his time at New Mexico Wellness, indicating that the alleged "white powder" found did not belong to Mr. Howe. *See* New Mexico Wellness, Client Write Up, July 11, 2025 (attached as Government's Exhibit 1 to Clerk's Minute Sheet, Preliminary Revocation/Detention Hearing, filed August 12, 2025 (Doc. 169-1) ("NM Wellness Write-Up")). Moreover, the write-up was described as a "[c]ell phone violation," not a drug violation. *Id.* at 4.

seemingly innocuous interaction "raised concerned regarding boundary violations and appropriate interactions with staff." *Id.* In fact, the staff member was among the only native members of the New Mexico Wellness staff, and was merely offering Mr. Howe words of encouragement as he neared completion of the program. Nevertheless, Mr. Sheldon was discharged and the Petition followed.

At his preliminary hearing on the Petition, Mr. Howe contested the existence of probable cause that he had committed a violation of his conditions of supervised release. *See* Clerk's Minute Sheet at 1, Preliminary Revocation/Detention Hearing, filed August 12, 2025 (Doc. 169). While Magistrate Judge Laura Fashing expressed doubts about the fairness of Mr. Howe's discharge, she nevertheless found that he had violated his conditions by failing to complete the program. *See id.* However, Judge Fashing refused the government's invitation to detain Mr. Howe pending his revocation hearing, and ordered him to reside at Crossroads in Albuquerque until his final revocation hearing—leaving all other conditions in place. *See* Order Setting Conditions of Release, filed August 13, 2025 (Doc. 171).

Mr. Howe has now resided at Crossroads for over a month. He has maintained his progress related to his sobriety, and is now doing the same intensive behavioral therapy program that he was doing at New Mexico Wellness. In fact, at the time of filing, Mr. Howe is approximately one week away from completing the same number of treatment hours as he would have if he had stayed at New Mexico Wellness for the entire six-month treatment period. Indeed, September 14, 2025, would have been Mr. Howe's final day at New Mexico Wellness.

**DISCUSSION**

Mr. Howe spent nearly five months at New Mexico Wellness and has been at Crossroads Albuquerque for over one month. Between the two, Mr. Howe has completed over six months of inpatient substance abuse treatment and has successfully maintained his sobriety during that time. Moreover, the skills and strategies that Mr. Howe has learned throughout this process have given him an optimism about his future recovery and reintegration back into society.

To that end, Mr. Howe wishes to begin the outpatient portion of his supervision and seeks the Court's approval to start his outpatient treatment at the "Recovery Works" program, which is part of Taos Pueblo's Wellness and Recovery Program. The Recovery Works program takes an innovative approach to the integration of outpatient substance abuse treatment programming with community service in the Taos Pueblo community. Specifically, the program requires twenty hours per week of therapy (including group and individual therapy, as well as alternative therapeutic forms such as art therapy), and also twenty hours per week of stipend-paid community service work performed around the pueblo. The community service is primarily focused on assisting disabled and elderly community members, and includes various forms of outreach: giving out food, chopping wood, trash cleanups, etc. The Recovery Works program is going into its third year of existence, and prides itself on its high success rate and role as a steppingstone to help individuals reintegrate back into society following a period of incarceration or inpatient treatment. The program allows tribal members—regardless of affiliation, so long as they possess a certificate of Indian blood—to assist in the Taos Pueblo community and earn a stipend while continuing their personal recovery process.

As the Court is aware, Mr. Howe has strong ties to the Taos Pueblo community. His longtime girlfriend is a Taos Pueblo tribal member, and the couple's six-year-old daughter lives

with her mother in the community. Should the Court decide to allow Mr. Howe to move back to Taos to participate in the Recovery Works program, he can benefit from this tremendous support system and continue his personal recovery and social reintegration. Undersigned notes that Mr. Howe has been remarkably proactive in seeking out and learning about the programs offered by Taos Pueblo, which is indicative of his good-faith desire to continue his progress and move forward with his life in a positive direction.

    Mr. Howe respectfully requests a hearing on his pending revocation Petition wherein he can discuss the allegations in the Petition, his recovery progress, and his desire to complete his outpatient treatment at the Recovery Works Program out of Taos Pueblo's Wellness and Recovery Program.

Respectfully submitted,

**ROTHSTEIN DONATELLI LLP**

   /s/ Clay L. Wilwol
CLAY L. WILWOL
500 4th Street NW, Suite 400
Albuquerque, NM 87102
505-243-1443 – office
505-242-7845 – fax
cwilwol@rothsteinlaw.com

*Attorney for Defendant Sheldon Howe*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of September, 2025, I filed the foregoing pleading electronically with CM/ECF which caused all counsel of record to be served as reflected on the notice of service.

>               /s/ *Clay L. Wilwol*               
>     **ROTHSTEIN DONATELLI LLP**